IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLIE M. TARVER, #123 256 | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 2:05-CV-314-F |
| | WO |
| WILLIAM H. ROBERTSON, *et al*., | * |
| Defendants. | * |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Charlie Tarver, filed this 42 U.S.C. § 1983 action on April 6, 2005. He seeks to challenge matters related to his arrest and imprisonment in January 1995 on charges of murder and robbery and the constitutionality of his subsequent convictions in June 1995 for these offenses. Tarver seeks monetary damages for the alleged violations of his constitutional rights and his release from confinement.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## DISCUSSION

### I. Claims Barred by the Statute of Limitations

Plaintiff complains that his 1995 arrest on charges of murder and robbery violated his constitutional rights. Specifically, Tarver complains that he was arrested in January 1995 and remained incarcerated for six months prior to being charged with an offense. Tarver also alleges that Defendants conspired to send him to prison for a crime he did not commit. The actions about which Plaintiff complains occurred in 1995. It is, therefore, clear from the face of the complaint that Plaintiff's conspiracy claims and claims related to his arrest and imprisonment on charges of murder and robbery are barred by the statute of limitations.

While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Burnett v. Grattan*, 468 U.S. 42 (1984).

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406. 1409 (11th Cir. 1985). . . . Alabama law [ ] provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v . Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala.1981).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994). Alabama's general two year statute of limitations for personal injury actions is the most applicable to the case at bar. *Ala. Code* § 6-2-38(l). *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (the proper statute of

limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992).

The arrest and imprisonment about which Tarver complains occurred between January and June 1995. That portion of the tolling provision which previously applied to convicted prisoners was rescinded by the Alabama legislature on May 17, 1996. *See Ala. Code* § 6-2-8(a) (1975, as amended).[2] Nevertheless, prior to such recision, the running of the statute of limitations was tolled only for those convicted persons serving sentences less than life. It does not appear that Tarver was serving a term of imprisonment at the time the warrant for his arrest was issued and/or at the time of his arrest and incarceration. Moreover, as a result of the challenged warrant, Plaintiff was convicted of murder and robbery in June 1995 and sentenced to life imprisonment.[3] Under the facts of this case, the tolling provision of *Ala. Code* § 6-2-8(a) is, therefore, unavailing. Consequently, the applicable statute of limitations expired on the claims arising from Plaintiff's arrest in June of 1997. Plaintiff filed the instant complaint on April 4, 2005. This filing, with respect to these claims, was over seven (7) years after the applicable limitations period had lapsed.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under § 1983,

---

[2]The 1996 amendment, effective May 17, 1996, removed imprisonment as a disability entitled to protection under the tolling provision. In its pre-amendment form, the statute provided that "[i]f anyone entitled to commence any of the actions enumerated in this chapter . . . is . . . imprisoned on a criminal charge for any term less than life, he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence an action . . ." *Ala. Code* § 6-2-8(a)(1975).

[3]*See Tarver v. Ferrell*, Civil Action No. 2:05-CV-252- D (M.D. Ala.).

it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F. Supp. [1310] at 1330, 1332 [D.C. Or. 1983]." *Id*. at n.2. In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of . . . defendants the . . . court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). 'We must take advantage of every tool in our judicial workshop.' *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Plaintiff has no legal basis on which to proceed as this action, with respect to those claims related to Plaintiff's arrest and imprisonment in 1995, was brought more than two years after the violations about which he complains accrued. The statutory tolling provision is unavailing.

In light of the foregoing, the court concludes that Plaintiff's challenges to his 1995 arrest and imprisonment are barred by the applicable statute of limitations and these claims are, therefore, subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark*, 915 F.2d 636; *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

## II.  The Challenges to Plaintiff's Murder and Robbery Convictions

Pursuant to his plea of guilty, Plaintiff was convicted of first degree robbery and first degree murder by the Circuit Court for Bullock County, Alabama, on June 19, 1995.  *See Tarver v. Ferrell,* Civil Action No. 2:05-CV-252-D (M.D. Ala.).[4]  Petitioner is serving a life sentence for these convictions.  *Id*.

Plaintiff contends that he was forced by the State to enter a plea of guilty and alleges that the evidence presented was insufficient to sustain his convictions for first degree robbery and first degree murder.   Plaintiff's § 1983 challenges to his 1995  robbery and murder convictions go to the fundamental legality of this conviction. Consequently, these claims provide no basis for relief at this time.  *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the

---

[4]Tarver's challenge to the constitutionality of his murder and robbery convictions is currently pending before the court.

grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Id*. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . . ." unless the prisoner can demonstrate that the challenged action has previously been invalidated. *Id*. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus. *Id*. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

The instant complaint contains challenges to the constitutionality of the murder and

robbery convictions imposed on Plaintiff by the Circuit Court for Bullock County in June 1995. A judgment in favor of Plaintiff in this cause of action would necessarily imply the invalidity of these convictions and the sentence of imprisonment on which he is presently incarcerated. It is clear from the complaint that the subject murder and robbery convictions have not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on Plaintiff's convictions is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the legitimacy of the fact or duration of his present confinement. *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490. Such challenge is, therefore, due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The claims arising from Plaintiff's 1995 arrest and imprisonment be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) as the complaint is not filed within the time prescribed by the applicable period of limitations;

2. To the extent Plaintiff's complaint challenges the constitutionality of his first degree robbery and first degree murder convictions imposed upon him by the Circuit Court for Bullock County, Alabama, on June 19, 1995, these claims be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii); and

3. This case be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before May 2, 2005.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of April, 2005.

                                                    /s/Charles S. Coody
                                                CHARLES S. COODY
                                                CHIEF UNITED STATES MAGISTRATE JUDGE